# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**FEED.ING BV,**

      **Plaintiff,**

    v.                                  Case No. 14-C-1241

**PRINCIPLE SOLUTIONS, LLC;
PRINCIPLE INVESTMENTS, INC.;
KEVIN M. ZIMMER; GCAM, LLC;
GCAM-R, LLC; KEVIN M. ZIMMER
AND AMY E. ZIMMER REVOCABLE
TRUST; and KEVIN ZIMMER AND
AMY ZIMMER IN THEIR
CAPACITY AS TRUSTEES OF THE
KEVIN M. ZIMMER AND AMY
E. ZIMMER REVOCABLE TRUST,**

      **Defendants,**

**and**

**COMMERCE STATE BANK**

      **Proposed Intervenor.**

# ORDER

This matter is before the Court on the motion of Defendant Principle Solutions, LLC ("Principle") to seal (ECF No. 33) documents attached to the affidavit of Defendant Kevin Zimmer ("Zimmer"): (1) Loan summaries for Principle, and Defendants GCAM, LLC and GCAM-R, LLC; (2) a closing

statement for the purchase and sale of the Plover, Wisconsin warehouse; (3) an internal financial document related to the closing of the purchase and sale of the Plover, Wisconsin warehouse; (4) a commercial loan Agreement between Commerce State Bank and Principle; (5) a copy of the lease for a restaurant located in West Bend, Wisconsin; and (6) a certificate of occupancy for the Zimmer home located in West Bend, Wisconsin. (ECF Nos. 32-1 through 32-7.) Principle states "most such documents are confidential and non-public in nature" and that its request is "reasonable" and "narrowly tailored under the circumstances." (Mot. 2.)

Because court proceedings are presumptively public a party seeking to seal bears the burden of establishing "good cause" on a document-by-document basis. *Baxter Int'l, Inc. v. Abbott Labs.,* 297 F.3d 544, 545-46 (7th Cir. 2002); *see also,* Fed. R. Civ. P. 26(c)(1)(G); Gen. L.R. 26(d)(4) (E.D. Wis.). The presumption applies when the documents affect the disposition of federal litigation. *See Goesel v. Boley Int'l (H.K.), Ltd.,* 738 F.3d 831, 833 (7th Cir. 2013). Contentions similar to those asserted by Principle have been resoundingly rejected as insufficient to establish "good cause." *See Union Oil Co. of Cal. v. Leavell,* 220 F.3d 562, 568 (7th Cir. 2000) (stating "[t]his is not the first time we have encountered requests to seal proceedings in order to implement the parties' preference for seclusion,"

and collecting cases); *See also, Baxter Int'l, Inc.,* 297 F.3d at 546 (citing *Composite Marine Propellers, Inc. v. Van Der Woude,* 962 F.2d 1263, 1266 (7th Cir. 1992) (a litigant must do more than just identify a kind of information and demand secrecy)).

Principle has not established "good cause" for sealing the proffered documents. Therefore, Principle's motion to seal (ECF No. 33) is **DENIED** and the Clerk of Court is **DIRECTED TO FILE** the documents (ECF Nos. 32-1 through 32-7) in the public record.

Dated at Milwaukee, Wisconsin, this 20th day of October, 2014.

**SO ORDERED:**

_____
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**