# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**FEED.ING BV,**

    **Plaintiff,**

    v.                                          Case No. 14-C-1241

**PRINCIPLE SOLUTIONS, LLC;
PRINCIPLE INVESTMENTS, INC.;
KEVIN M. ZIMMER; GCAM, LLC;
GCAM-R, LLC; KEVIN M. ZIMMER
AND AMY E. ZIMMER REVOCABLE
TRUST; and KEVIN ZIMMER AND
AMY ZIMMER IN THEIR
CAPACITY AS TRUSTEES OF THE
KEVIN M. ZIMMER AND AMY
E. ZIMMER REVOCABLE TRUST,**

    **Defendants,**

**and**

**COMMERCE STATE BANK**

    **Proposed Intervenor.**

## DECISION AND ORDER

This matter is before the Court on the motion of Proposed Intervenor Commerce State Bank ("Bank") to intervene (ECF No. 35) in this action. Also pending are several motions of Defendant Principle Solutions, LLC ("Principle") to strike objections filed by Plaintiff Feed.ing B.V. ("Feed") to Principle's designation of confidential information as

"Attorneys Eyes Only," or in the alternative to file confidential materials under seal (ECF Nos. 48, 64, 65.)

Some background provides context for the action and the sealing issues. This action is related to an earlier filed and currently pending action filed by Principle, a Wisconsin business that specializes in sourcing commodities and ingredients for the pet industry, against Feed, a Netherlands business that sells potato mix for use in the pet food industry, *Principle Solutions, LLC. v. Feed.ing B.V. et al,* Case No. 13-C-223 (the "223 action"). By a September 30, 2014, Decision and Order in the 223 action the Court found that Principle breached its June 2012 contract with Feed causing Feed to sustain damages of over $11 million dollars. (223 action, ECF No. 81.)

On October 6, 2014, Feed filed this action against Principle, Zimmer and additional defendants alleging fraudulent transfers and requesting an emergency temporary restraining order and preliminary injunction. Because Feed's filings included information and/or documents obtained pursuant to a protective order in the 223 action (the "223 protective order"), Feed complied with Gen. L.R. 79(d) (E.D. Wis.)[1] and filed some

---

[1] General Local Rule 79(d) provides in relevant part:

(6) To the extent that any answers to interrogatories,

- 2 -

documents under seal, filed redacted versions of those documents, and filed objections to the designation of the material as confidential.

## Motion to Intervene

By its Federal Rule of Civil Procedure 24(a)[2] motion to intervene, the Bank asserts that Feed's request for a temporary restraining order would directly and irrevocably impair the value of the collateral it holds on debt instruments to the various defendants, and that no current party is situated to fully protect the Bank's interest in its collateral. Although the parties subsequently reached a stipulation for entry of an order for injunctive relief, which the Court approved, the Bank's continuing concern is that Feed requests injunctive relief that would affect the Bank's secured

---

> transcripts of depositions, responses to requests for admissions, or any other papers filed or to be filed with the Court contain material designated as confidential, these papers, or any portion thereof, must be filed under seal by the filing party with the Clerk of Court in an envelope marked "SEALED."
>
> (7) Any party filing material claimed to be confidential under subsection (6) must include with that filing either: (1) a motion to seal the material pursuant to this rule*; or (2) an objection to the designation of the material as confidential and a statement that the objection to the designation has been provided to the person claiming confidentiality. If such an objection is made, the person having designated the material as confidential may file a motion to seal under this rule within 21 days of the objection.*

(Emphasis added.)

[2]At page three of its initial brief, the Bank cites Rule 24(a)(1) as the basis for its intervention. Rule 24(a)(1) states, "the court must permit anyone to intervene who: (1) is given an unconditional right to intervene by a federal statute[.]" However, the substance of the Bank's intervention argument is premised on Rule 24(a)(2) and has been considered under that subsection of the rule.

collateral in the property of the various Defendants; the Bank wants to ensure that it remains fully secured, that no relief is granted which impairs the value of its collateral, and that any seized assets are applied first to its security interests. (ECF No. 75.)

Rule 24(a)(2) states: "[o]n timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." To intervene as of right a movant must establish: (1) the motion is timely; (2) the movant possesses an interest related to the subject matter of the action; (3) disposition of the action threatens to impair the interest; and (4) the existing parties fail to adequately represent that interest. *Ligas ex rel. Foster v. Maram,* 478 F.3d 771, 773 (7th Cir. 2007).

The Bank has satisfied each of the four requirements for intervention as of right. First, although there is no specific time deadline set by Rule 24(a), *United States v. S. Bend Cmty. Sch. Corp.,* 710 F.2d 394, 396 (7th Cir. 1983), the Bank has met the timeliness prong. By filing its motion within two weeks of the initiation of this action, the Bank will not

"upset the progress made towards resolving [the] dispute" because this lawsuit is in its early stages. *See Grochocinski v. Mayer Brown Rowe & Maw, LLP,* 719 F.3d 785, 797 (7th Cir. 2013). Second, the Bank has a property interest in the action because it is a secured creditor of Principle. *Lake Investors Dev. Grp., Inc. v. Egidi Dev. Grp.,* 715 F.2d 1256, 1257 (7th Cir. 1983). Third, disposition of the action could impair the Bank's property interest because the possible transfer of Principle's property and that of other named defendants is at issue in this case. Fourth, although Principle has raised concerns that the requested preliminary injunction may cause the Bank to find it in breach of the loan agreement, no current party shares all of the Bank's concerns in protecting its secured interest. Unlike the Defendants who may not want to pay at all, the Bank's concern is that it be paid first and that it has sufficient collateral to be fully paid. Because it has satisfied the requisite four elements, the Bank's motion to intervene is granted.

*Sealing Issues*

By its sealing objections (ECF Nos. 9, 10)[3], Feed contends that

---

[3] Feed refers to the papers attached to the Wagner declaration by exhibit number whereas Principle refers to the same papers by the Bates-stamped number. The practice further exacerbated the amount of time and attention the Court had devote to these tangential issues that do not contribute to the resolution of the case. *See generally Formax Inc. v. Alkar-Rapidpak-MP Equip., Inc.,* No. 11-C-0298, 2014 WL 792086, at *2

certain information produced in discovery by Principle is improperly designated as confidential or attorneys eyes only. Specifically, Feed objects to the designations of information in the sealed Complaint and sealed exhibit B to the Complaint (ECF Nos. 1-4, 1-5), the sealed brief in support of its motion for a temporary restraining order and preliminary injunction (ECF No. 5-6), and sealed exhibits 3 through 6 to Ben L. Wagner's ("Wagner") declaration in support of that motion (ECF Nos. 6-14 through 6-17).

Principle filed a motion to strike Feed's objections regarding sealing the Complaint and sealed exhibit B, or in the alternative to seal such materials (ECF No. 48); a motion to strike Feed's objections to sealing portions of the moving papers in support of the motion for a temporary restraining order and preliminary injunction or in the alternative to seal those materials (ECF No. 64); and a motion to strike all allegations in the Complaint as being in violation of the 223 protective order, and to dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (ECF No. 65).[4]

---

(E.D. Wis. Feb. 25, 2014). Thus, in future filings the parties are asked to use the same designation to refer to a single document.

[4] The motion to strike and dismiss has been rendered moot by Feed's filing of an Amended Complaint. However, Feed filed objections to the sealing of both the Amended Complaint and exhibit B thereto. (ECF No. 82.) Principle filed a motion to strike the

Defendant Kevin M. Zimmer ("Zimmer") joins in Principle's initial motion to strike (*See* ECF No. 51), and together they assert that Feed's use of the materials is barred by paragraph three of the 223 protective order and therefore should be struck from the Complaint and Feed's submissions.[5] As previously noted, the source documents were obtained pursuant to the 223 protective order, which in paragraph three states: "Except as provided herein, Discovery Material designated as Confidential Information under this Confidentiality Stipulation and Protective Order shall not be used or disclosed for any purpose whatsoever other than preparing for and conducting the above-captioned lawsuit, including any appeal therefrom." (223 action, ECF No. 69.)

As discussed in the 223 action, the protective order was designed to protect the privacy of information, not immunity from suit. *See In re Dual-Deck Video Cassette Recorder Antitrust Litig.,* 10 F.3d 693, 695-96 (9th Cir. 1993). *See also, Fujitsu Ltd. v. Tellabs, Inc.,* No. 09 C 4530, 2013 WL 1405223, at *6 (N.D. Ill. Apr. 5, 2013). The instant action is premised on allegations of fraudulent conveyances by Principle and related entities — the 223 protective order was not designed to shield Principle from such a

---

allegations of the Amended Complaint and to dismiss that Complaint (ECF No. 83), which is not yet fully briefed.

[5] Principle also filed a motion for sanctions in the 223 action based upon Feed's use of the materials in this action. That motion has been denied.

lawsuit. Furthermore, the confidentiality of the materials designated by Principle was preserved because Feed filed them and documents that used information from them under seal and redacted the information from its public filings in this action. In addition, the Court has subsequently modified the 223 protective order to allow the use of the materials in this action and any related appeal.

Thus, under this set of circumstances, the Court declines to strike the challenged materials from the Complaint and Feed's submissions. Furthermore, because the information included in exhibit B to the Complaint is general or summary statements of Principle's overall assets and liabilities or profits and losses from June 2012 through March 2013, Principle has not demonstrated "good cause" for sealing the information included in the sealed Complaint or sealed exhibit B. Thus, Principle's motions are denied and the Clerk of Court is directed to unseal the Complaint and sealed exhibit B thereto. This ruling also applies to sealed exhibit B to the Amended Complaint and any identical information contained in the Amended Complaint. The Amended Complaint will remain under seal until the parties file a statement indicating whether there is additional information contained in that complaint that Principle contends has been produced under the 223 protective order and should be

sealed. Furthermore, because the sealing order does not shield Principle from claims of fraudulent transfers, Principle's request to strike Feed's objections to portions of the moving papers in support of the motion for a temporary restraining order and preliminary injunction as being "Attorneys Eyes Only" is denied.

The remaining question is whether Principle has established good cause for sealing the additional information/documents at issue. *See Baxter Int'l, Inc. v. Abbott Labs.,* 297 F.3d 544, 545-46 (7th Cir. 2002). Because the parties were able to stipulate to injunctive relief, the Court did not issue a decision analyzing the materials — however, the papers are still part of the court record and issues regarding disclosure of the contents may also recur.

Principle asserts there is "good cause" for sealing the contents of exhibits 3 through 6 of Wagner's declaration because they identify specific financial components reflecting details of Principle's business practices, such as its pricing structure, expenditures on distribution, marketing, overhead, and profits and losses, which could not normally be known or determined with such specificity by the public or Principle's competitors, and which would provide a competitive advantage to Feed and other companies operating in the industry. Additionally, Zimmer avers that he

and Principle have consistently maintained the documents as confidential and, where applicable, proprietary and/or personal, allowing extremely few individuals access to the identified documents and always protecting access to the documents through password protection. (See Zimmer Aff. ¶ 12.) (ECF No. 50.)

Exhibit 3 is entitled "Principle Solution's [sic] Purchase Obligations and Resulting Insolvency," and is a duplicate of Exhibit B to the Complaint and Amended Complaint. As such, it has already been addressed and will not be sealed. Principle seeks to seal the following additional documents:

**a. Balance Sheets**

PS001224, 1226, 1233, and 1235, Principle's balance sheets for the fiscal years ending December 2012, 2011, 2010, and 2009, are included in exhibit 4. The balance sheets specifically identify Principle's assets and liabilities, cash and loan positions, inventory for resale, accounts receivable and payable, payroll liability, retained earnings, net income, total equity and equity interests in Principle — including the sources and amounts of those interests, such as member distributions. According to Principle, this financial information discloses its business model.

"[N]arrow, specific requests will be granted when based on articulated, reasonable concerns for confidentiality." *KM Enter., Inc. v.*

*Global Traffic Techs., Inc.,* 725 F.3d 718, 734 (7th Cir. 2013). Courts have confirmed the confidential and protectable nature of profit and loss statements, balance sheets and income statements and any documents that contain information on pricing, sales or profits and losses. *See, e.g., id.* (granting a motion to seal and to return several documents filed on appeal that contained customer and pricing information); *Formax Inc.,* 2014 WL 792086, at *3, (citing *E.E.O.C. v. Abbott Labs.,* No. 10-C-833, 2012 WL 3842460, at *2 (E.D. Wis. Sept. 5, 2012) (finding cause to seal documents where these disclosures would unfairly disadvantage a party relative to its competitors or where documents contain sensitive, highly personal information)); *Thermal Design, Inc. v. Guardian Bldg. Prods., Inc.,* No. 08-C-828, 2011 WL 5105490, at *2 (E.D. Wis. Oct. 25, 2011) (granting leave to file corporate reports containing "highly sensitive sales data that reveal[ed] (both directly and indirectly) customer and/or vendor specific pricing" under seal).

The Court finds that good cause exists to seal the subject documents. The balance sheets provide particular breakdowns and dollar amounts allocated to designated areas of business operations and would be uniquely valuable if made available to Principle's competitors. Thus, the Court will allow this material to be sealed.

**b. Profit and Loss Statements**

Also included in Exhibit 4 are PS001225, 1227, 1236, and 1234, Principle's profit and loss statements for the fiscal years ending December 2012, 2011, 2010, and 2009, which provide: (i) a breakdown of Principle's income and expenses for that year, including specific amounts allotted under the costs related to goods sold (such as ingredient purchases), samples, storage and transportation and (ii) commission amounts, discounts/credit adjustments and related information. Principle states that these figures give a detailed picture of its business model. Relying upon the authority cited above, the Court finds good cause for allowing this material to be sealed.

**c. Member Distributions**

Principle states that exhibits 5 and 6 contain confidential information related to medical payments and the full names of Zimmer's minor children and that under no circumstances may they, or newly created documents reproducing the information from them, be filed publicly because Fed. R. Civ. P. 5.2(a)(3) requires only initials of minor children be used in such public court filings.

Exhibit 5 is a five-page document listing member distributions from January 1, through November 13, 2012, by date, number, payee, account,

amount of increase or decrease, balance, and total 2012 withdrawals to date. The exhibit includes the dates and amounts of three payments totaling less than three hundred dollars listing the payee as a health or medical company. The entries do not contain any additional medical-related information. The exhibit also includes two entries which apparently contain the first and last names of Zimmer's minor children.

Exhibit 6 is a list of member distributions from August 22, 2011, through December 31, 2012, by date, number, payee, account, memo, amount of increase or decrease, and balance. The exhibit includes the three medical payments noted above and a total of four entries with the full names of Zimmer's minor children.

The medical information included in exhibits 5 and 6 is minimal and could be easily redacted. So, too, could the full names of the minors. However, these documents will be sealed because they include non-public and confidential financial information. *See Metavante Corp. v. Emigrant Sav. Bank,* No. 05-CV-1221, 2008 WL 4722336, *9-10 (E.D. Wis. Oct. 24, 2008) (to warrant application of a protective order, documents must contain non-public personal financial or business information).

To the extent that Feed's sealed brief (ECF No. 5-6) and reply brief (ECF No. 39-1) in support of its motion for a temporary restraining order

and preliminary injunction and the sealed Wagner declaration (ECF No. 6-13) contain information from exhibits four, five and six to the Wagner declaration that the Court has found good cause to seal, they too are sealed for good cause. However, based on this ruling, by January 15, 2015, Feed must review the redacted versions of those filings and file revised redacted versions containing all information that is public.

These rulings regarding sealed and unsealed materials apply to subsequent filings of the same documents in this action.

The sealing order will expressly provide that any party and any interested member of the public may challenge the sealing of any papers sealed pursuant to this order. *See Cnty. Materials Corp. v. Allan Block Corp.,* 502 F.3d 730, 740 (7th Cir. 2007).

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Commerce State Bank's motion to intervene (ECF No. 35) is **GRANTED**;

Principle's motion to strike Feed's objections regarding sealing the Complaint and exhibit B, or in the alternative to seal such materials (ECF No. 48) is **DENIED**;

The Clerk of Court is **DIRECTED TO FILE** the original Complaint,

exhibit B thereto, and exhibit B to the Amended Complaint (ECF Nos. 1-4, 1-5, 81-4) in the public record;

**No later than January 15, 2015,** the parties must file a joint statement indicating whether there is additional information contained in the Amended Complaint that Principle contends has been produced under the 223 protective order and should be sealed;

Principle's motion to strike Feed's objections to sealing portions of the moving papers in support of the motion for a temporary restraining order and preliminary injunction or in the alternative to seal those materials (ECF No. 64) is **GRANTED** as to the sealing of exhibits 4, 5 and 6 (ECF Nos. 6-15, 6-16, 6-17) and **GRANTED IN PART** as to Feed's sealed brief in support of its emergency motion for a temporary restraining order and preliminary injunction freezing assets (ECF No. 5-6), the sealed Wagner declaration (ECF No. 6-13), and its sealed reply brief in support of its temporary restraining order and preliminary injunction motion (ECF No. 39-1) which contain information from exhibits four, five and six to the Wagner declaration and **DENIED** in all other respects;

The Clerk of Court is **DIRECTED** to file exhibit 3 of Wagner's declaration (ECF No. 6-14) in the public record;

**No later than January 15, 2015,** Feed must file revised redacted

versions of its sealed brief in support of its motion for a temporary restraining order and preliminary injunction, the Wagner declaration, and its reply brief support its temporary restraining order and preliminary injunction motion (ECF Nos. 5, 6, 39) containing all information that has been filed in the public record pursuant to this Decision and Order;

Any party and any interested member of the public may challenge the sealing of any papers sealed pursuant to this Order; and

Principle's motion to strike all allegations in the Complaint as being in violation of the 223 protective order and to dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (ECF No. 65) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 8th day of January, 2015.

**BY THE COURT:**

**HON. RUDOLPH T. RANDA**
**U.S. District Judge**